WILSON TURNER KOSMO LLP
MARISSA L. LYFTOGT (259559)
AIMEE AXELROD PARKER (255589)
MICHAELA P. DELACRUZ (292724)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  mlyftogt@wilsonturnerkosmo.com
E-mail:  aparker@wilsonturnerkosmo.com
E-mail:  mdelacruz@wilsonturnerkosmo.com

Attorneys for Defendants
OPTUMINSIGHT, INC., OPTUM360, LLC,
OPTUM360 SERVICES, INC.,
UNITEDHEALTH GROUP INCORPORATED
(erroneously sued as UNITEDHEALTH GROUP)
and TINA MARIE TESTA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PERKINS, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>OPTUMINSIGHT, INC., a Delaware Corporation; OPTUM360, LLC, a Delaware Limited Liability Company; OPTUM360 SERVICES, INC., a Delaware Corporation; UNITEDHEALTH GROUP, a Minnesota Corporation; UNITEDHEALTH GROUP INCORPORATED, a Delaware Corporation; TINA MARIE TESTA, an individual; and DOES 1 to 50, inclusive,<br><br>        Defendants. | Case No.   2:22-cv-452<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 & 1441(a) (DIVERSITY JURISDICTION)**<br><br>[*Filed Concurrently with Notice of Removal to Superior Court and Adverse Party; Declaration of Aimee Axelrod Parker; Declaration of Tina Marie Testa; Notice of Interested Parties and Corporate Disclosure Statement; and Civil Case Cover Sheet*]<br><br>Complaint Filed:   August 30, 2021<br>Removed:             January 21, 2022 |

-1-     Case No. 2:22-cv-452

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

**TO THE HONORABLE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants OPTUMINSIGHT, INC.; OPTUM360, LLC; OPTUM360 SERVICES, INC. ("Defendant Optum"); UNITEDHEALTH GROUP INCORPORATED (erroneously sued as UNITEDHEALTH GROUP) (together the "Entity Defendants"); and TINA MARIE TESTA ("Defendant Testa") (collectively "Defendants") hereby invoke this District Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(a), removing the above-entitled action from the Superior Court in and for the County of Los Angeles (the "Superior Court") to the United States District Court for the Central District of California (the "District Court").

Defendants submit the following statement of grounds for removal pursuant to Section 1446.[1]

## I. STATEMENT OF JURISDICTION

1. The District Court has original jurisdiction under Section 1332(a)(1), and Defendants may remove pursuant to Section 1441, because Plaintiff's civil action lies between "citizens of different States" and the amount placed in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs.

2. The District Court's exercise of jurisdiction over the action is proper, and Defendants' removal is timely, on the grounds and as described herein.

## II. PLEADINGS AND PROCESS

3. On August 30, 2021, Plaintiff Christopher Perkins ("Plaintiff") filed a Complaint in the Superior Court entitled *Christopher Perkins v. OptumInsight, Inc.; Optum360, LLC; Optum360 Services, Inc.; UnitedHealth Group[2]; UnitedHealth*

---

[1] All references to "Section" are to sections of Title 28 of the United States Code unless otherwise noted.

[2] "UnitedHealth Group" is not the name of a legal entity, but a truncation used for branding purposes. For all relevant purposes, Defendants take Plaintiff to mean "UnitedHealth Group Incorporated," although Plaintiff has separately named such entity as well.

*Group Incorporated*; *Tina Marie Testa*; and DOES 1-50, inclusive, Case No. 21STCV32115 (the "Action"). Attached to the concurrently-filed Declaration of Aimee Axelrod Parker ("Parker Decl.") as **Exhibit A** is a true and correct copy of Plaintiff's Complaint.

4. Plaintiff asserts six causes of action against Defendants[3] under California law for alleged: disability discrimination; failure to provide reasonable accommodation; failure to engage in a good faith interactive process; harassment/hostile work environment; retaliation; and wrongful termination. (*See generally* Parker Decl., ¶4 & Exhibit A (Complaint).)

5. Plaintiff personally served his Summons and Complaint on the Entity Defendants' registered agent for service of process in California, CT Corporation System, on September 14, 2021. (Parker Decl., ¶3.) True and correct copies of the Summons and proofs of services for each of the Entity Defendants, all dated September 14, 2021, are attached to the Parker Declaration as **Exhibit B.**

6. The Entity Defendants timely filed an Answer in the Superior Court. A true and correct copy of such answer is attached to the Parker Declaration as **Exhibit C**. (*See also* Parker Decl., ¶4.)

7. The Superior Court set a Case Management Conference ("CMC") for December 28, 2021. (Parker Decl., ¶5.) Plaintiff filed a CMC statement in the Superior Court on December 2, 2021, and provided Defendants with notice of that conference on the same date. True and correct copies of Plaintiff's Notice and the

---

[3] Plaintiff asserted all six causes of action against each of the defendants. After undersigned counsel met and conferred on the issue, Plaintiff's counsel stated that Plaintiff intends to assert only the harassment cause of action against individual Defendant Testa, and offered to enter a stipulation to clarify that fact (due to an inadvertent clerical error), in lieu of a formal amendment to the Complaint. (Parker Decl., ¶4.) Defendants eventually agreed that, based on Plaintiff's statements through counsel in writing, a stipulation would suffice to drop five of six of Plaintiff's causes of action against Defendant Testa for the time being to avoid motion practice. (*Id*., at ¶5.)

accompanying Superior Court Notice of Hearing are attached to the Parker Declaration as **Exhibit D.**

8. On December 20, 2021, Plaintiff provided to undersigned counsel a Notice and Acknowledgement of Receipt ("NAR") for service of process on Defendant Testa. (Parker Decl., ¶6.) Counsel for Defendant Testa signed the NAR and returned it to opposing counsel on December 22, 2021. A true and correct copy of the dated, fully-executed NAR is attached to the Parker Declaration as **Exhibit E**. Pursuant to California Code of Civil Procedure section 415.30(c), "[s]ervice of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." Plaintiff accordingly effectuated service of process on Defendant Testa on December 22, 2021.

9. Defendant Testa timely filed an Answer in the Superior Court on January 13, 2022, a true and correct copy of which is attached to the Parker Declaration as **Exhibit F**. (Parker Decl., ¶8.)

10. The Superior Court continued the December 28, 2021, CMC to January 25, 2022, *sua sponte*. (Parker Decl., ¶10.) A true and correct copy of the Superior Court's corresponding Notice Re: Continuance of Hearing and Order, dated December 20, 2021, is attached to the Parker Declaration as **Exhibit G**. (*Id.*)

11. Included within Exhibits A through G are true and correct copies of all process, pleadings, and orders served in the Action at the time of this removal. (Parker Decl., ¶11.)

12. Defendants all join in this removal and consent to the District Court's exercise of diversity jurisdiction, and their understanding is that no other parties have been named or served and no other party has appeared in the Action. (Parker Decl., ¶¶9, 12; Testa Decl., ¶2 (making declaration "in support of the removal").) *See also* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in and consent to the removal of the action").

## III. TIMELINESS OF REMOVAL

13. Defendants file this Removal within thirty (30) days after Defendant Testa was served with a copy of Plaintiff's Summons and Complaint on December 20, 2021. (*See* Parker Decl., ¶6 & Exhibit E (NAR).) Defendants, therefore, filed the Removal within the time mandated by Section 1446(b) and the Federal Rules of Civil Procedure. *See, e.g., Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (noting "each defendant is entitled to thirty days to exercise his removal rights after being served," even where earlier-served defendants did not remove); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (noting the time for removal is triggered by the actual service of the Complaint, rather than its receipt by other means); *Shadie v. Aventis Pasteur, Inc.*, 254 F. Supp. 2d 509, 515 (M.D. Pa. 2003) (discussing *Murphy Brothers, supra*, and noting the time to remove runs from formal service of process on the removing defendant, irrespective of earlier service on other defendants who did not remove); Fed. Rules Civ. Proc. 6(a).

## IV. VENUE

14. Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff initially filed the Action in the Superior Court for Los Angeles, which sits within the Central judicial district of California. 28 U.S.C. § 84(c)(2).

15. Venue also is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). In the Complaint, Plaintiff alleges that "[v]enue is proper in Los Angeles County because Defendant employed Plaintiff in Los Angeles County, and the acts complained of [in the Complaint] occurred in Los Angeles County." (Parker Decl., Exhibit A, ¶11.)

16. Accordingly, for purposes of Removal, venue lies properly in this District Court.

/ / /

-5-  Case No. 2:22-cv-452

## V. THE DISTRICT COURT MAY EXERCISE TRADITIONAL DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a).

17. This case meets the requirements of Section 1332(a) and may be removed pursuant to Section 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

### A. The Parties Are Citizens of Different States.

#### (1) Plaintiff Is a California Citizen for Removal Purposes.

18. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary."), quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891).

19. While Plaintiff's Complaint explains that Plaintiff "was employed by [the Entity Defendants] in . . . California" and the "acts complained of herein occurred in Los Angeles County" (Parker Decl. Exhibit A, ¶1), the Complaint contains no affirmative allegations of Plaintiff's domicile. Plaintiff provided Defendant Optum an address in Los Angeles County in connection with his former employment (Parker Decl., ¶13.) For example, Plaintiff's California Labor Code section 2810.5 Wage Notice reflects the Los Angeles County address he gave Defendant Optum. A true and correct copy of Plaintiff's Wage Notice is attached to the Parker Declaration as **Exhibit H**. Moreover, Plaintiff invoked the jurisdiction of California courts, specifically in the County of Los Angeles, in this Action. Taken together, these facts indicate that Plaintiff presumptively is a citizen of California.

### (2) No Defendant Is a California Citizen.

20. For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(l); *see also Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (noting corporation was a citizen of none other than the state in which its corporate headquarters was located and where its executive and administrative functions were performed).

21. Defendant OptumInsight, Inc. is an entity incorporated in Delaware with its principal place of business in Minnesota. Attached to the Parker Declaration as **Exhibit I** is a true and correct copy of Defendant OptumInsight, Inc.'s California Secretary of State Statement of Information filing for 2021, indicating the same. Defendant OptumInsight, Inc.'s Minnesota corporate headquarters is where it performs the majority of its executive and administrative functions and where the majority of its corporate officers and executives are located. (*See* Parker Decl., ¶14 & **Exhibit I**.) Therefore, under the "nerve center" test, Defendant OptumInsight, Inc.'s principal place of business is in Minnesota. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 93 (2010) (noting the nerve center will "normally be the place where the corporation maintains its headquarters"). Accordingly, Defendant OptumInsight, Inc. is not a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

22. Defendant Optum360 Services, Inc. is an entity incorporated in Delaware with its principal place of business in Minnesota. Attached to the Parker Declaration as **Exhibit J** is a true and correct copy of Defendant Optum360 Services, Inc.'s California Secretary of State Statement of Information filing for 2021, indicating the same. Defendant Optum360 Services, Inc.'s Minnesota corporate headquarters is where it performs the majority of its executive and administrative functions and where the majority of its corporate officers and executives are located. (*See* **Exhibit J**; Parker Decl., ¶15.) Accordingly, Defendant Optum360 Services, Inc. is not a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

23. Defendant UnitedHealth Group Incorporated[4] is an entity incorporated in Delaware with its principal place of business in Minnesota. Attached to the Parker Declaration as **Exhibit K** is a true and correct copy of Defendant UnitedHealth Group Incorporated's California Secretary of State Statement of Information filing for 2021, indicating the same. Defendant UnitedHealth Group Incorporated's Minnesota corporate headquarters is where it performs the majority of its executive and administrative functions and where the majority of its corporate officers and executives are located. (*See* Exhibit K; Parker Decl., ¶16.) Accordingly, Defendant UnitedHealth Group Incorporated is not a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

24. An LLC is a citizen of every state in which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant Optum360, LLC is a Delaware organization that performs the majority of its executive and administrative functions in Eden Prairie, Minnesota. (Parker Decl., ¶17.) Attached to the Parker Declaration as **Exhibit L** is a true and correct copy of Optum360, LLC's California Secretary of State Statement of Information filing for 2021, indicating the entity's place of organization, Delaware, and location of management, Minnesota. Optum360, LLC is a joint venture between DHRC Holdings, LLC and Optum Rocket, LLC, and there are no other members of the LLC.

---

[4] Although Plaintiff included separately as a named defendant "UnitedHealth Group," that is not an existing legal entity, but a truncation used for branding purposes. Courts must disregard the citizenship of entities whose existence does not give rise to legal liability. *Vasquez v. Wells Fargo Home Mortg.*, 2012 WL 985308, *2 (S.D. Cal. Mar. 22, 2012) ("Because neither Wells Fargo Home Mortgage, Inc. nor Wachovia Mortgage exists in any form that would give rise to legal liability, their citizenship is of no consequence when considering the Court's diversity jurisdiction."); *Kolker v. VNUS Medical Techs., Inc.*, 2010 WL 3059220, *3-4 (N.D. Cal. Aug. 2, 2010) (disregarding the citizenship of a company that did not exist as a separate legal entity); *Figueiredo v. Aurora Loan*, 2009 WL 5184472, *1 (N.D. Cal. Dec. 22, 2009) (disregarding the citizenship of a named defendant that had "non-monetary status").

1  (Parker Decl., ¶17.) DHRC Holdings, LLC and Optum Rocket, LLC are both Delaware entities. (*Id.* & **Exhibit M** (Delaware Dep't of State online Entity Details for DHRC Holdings, LLC); **Exhibit N** (same for Optum Rocket, LLC).)

25. Defendant Testa is an individual who lives and works in Broomall, Pennsylvania. (Declaration of Tina Marie Testa ("Testa Decl."), ¶4.) She has lived in Pennsylvania since 1973; she has never resided, owned property, or spent significant time in California. (Testa Decl., ¶¶4-5.) While her role of Director of Revenue Services for Optum360 Services, Inc. has required her to supervise employees who live and work in California, like Plaintiff, Defendant Testa does not travel to California for work and has not been in the state since 2018, before the events at issue in the Action including the end of Plaintiff's employment. (Testa Decl., ¶¶3, 5)

26. Plaintiff named DOES 1 through 50 as fictitious defendants in the Action. (Parker Decl. Exhibit A (Complaint), at ¶8 ("Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 50, inclusive[,] and they are therefore sued pursuant to [California] Code of Civil Procedure section 474.").) Pursuant to Section 1441(b)(l), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity of citizenship between the parties to an action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding the "district court was correct in only considering the domicile of the named defendants"); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) ("Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction"). Defendants are informed and believe, and on that basis assert, that no other defendant in this action has been named, properly joined, or served as provided in Section 1441(b)(2). (Parker Decl., ¶9.)

27. Given that Plaintiff is a citizen of California, no named defendant is a citizen of California, and no other defendant exists for purposes of determining federal jurisdiction in this Action, the citizenship of the Parties is diverse pursuant to Section

1332(a)(l).

**B.     Plaintiff's Complaint Places More than $75,000 in Controversy.**

28.     In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). District Courts must presume plaintiffs will prevail on each and every one of their claims for relief.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (noting the amount in controversy analysis presumes that "plaintiff prevails on liability").

29.     In the present case, Plaintiff's Complaint asserts the amount in controversy exceeds $25,000, the Superior Court's jurisdictional minimum.  (Parker Decl. Exhibit A, ¶1.)  Meanwhile, Plaintiff's claims demonstrate that, "more likely than not," the amount in controversy in this case exceeds $75,000.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Garcia v. Roadlink USA Pac., LLC*, No. SACV 11-0445 DOC, 2011 WL 2261273, *2 (C.D. Cal. June 7, 2011).

30.     "[C]alculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984, 986 (S.D. Cal. 2005) ("It's not a question of what you would owe.  It's a question as to what is in controversy."); *see also Galt* G/S *v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998).  The court may rely on "summary judgment type evidence" when making these calculations. *Singer*, *supra*, 116 F.3d at 375.  Plaintiff's causes of action, prayers for relief, and findings in other cases making similar demands illustrate the reasonableness of Defendants' good faith belief and calculation that the amount in controversy in this Action more likely than not exceeds $75,000.

-10-                    Case No. 2:22-cv-452
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1        31.    By way of six causes of action, Plaintiff alleges that he was subjected to
2   unlawful discrimination and harassment in employment on the basis of his actual or a
3   perceived disability.  (Parker Decl. <u>Exhibit A</u> (Complaint), ¶¶27, 59.)  According to
4   Plaintiff, he communicated to his manager that he was feeling anxiety and "rather than
5   instructing plaintiff to receive medical care," his manager gave him a warning and
6   placed him on a Corrective Action Plan.  (*Id.*, at ¶¶14-16.)  Plaintiff claims that
7   "[a]lthough Defendants knew of Plaintiff's disability, Defendants refused to
8   accommodate Plaintiff's disability upon request, and instead terminated Plaintiff
9   because of his disability…" (*Id.*, at ¶34.)  As such, Plaintiff asserts that Defendants
10  failed to engage in a timely, good faith interactive process or provide him with
11  reasonable accommodations, and instead, retaliated against him by terminating his
12  employment.  (*Id.*, at ¶¶42, 50-51.)
13       32.    In addition to seeking lost wages, future loss wages, earnings, and other
14  employee benefits, Plaintiff asserts that "[a]s a direct, foreseeable, and proximate
15  result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer
16  humiliation, embarrassment, mental and emotional distress and discomfort …"  (*Id.*, at
17  ¶69, p.12 (Prayer).)  Plaintiff seeks general damages, "money judgement for mental
18  pain and anguish and emotional distress," and "all other special and incidental
19  damages according to proof." (*Id.*, at p.12 (Prayer), ¶¶2-4.)  Plaintiff further prays for
20  an award of punitive damages, costs of suit, and attorney fees.  (*Id.*, at ¶¶5-7.)
21       33.    Considering "litigation realities," courts routinely find employment cases
22  alleging discrimination and retaliation and seeking similar damages satisfy the amount
23  in controversy requirement without any further showing by the defendant.  *See, e.g.*,
24  *Jones v. CLP Res., Inc.*, No. CV 16-2133-GW(PLAX), 2016 WL 8950063, at *5
25  (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14-01754-CJC, 2014
26  WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-
27  04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014); *Mendoza v.*
28  *American Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

| | |
|---|---|
| 1 | Dec. 22, 2010).  For example, in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 |
| 2 | (9th Cir. 2018), the Ninth Circuit noted "independently sufficient evidence that the |
| 3 | amount in controversy exceeds $75,000" where, as here, the plaintiff's "prayer for |
| 4 | relief included 'loss of earnings' and 'loss of earning capacity.'" *Id.* at 416.  The Court |
| 5 | described "the record with respect to these claims [a]s somewhat slim," but the record |
| 6 | before it included the fact that the plaintiff's "salary as a mortgage banker was greater |
| 7 | than $39,000 a year and that she had intended to continue working for another nine |
| 8 | years." *Id.*  The plaintiff could "not contest these facts and agree[d] that, if victorious, |
| 9 | California law could entitle her to over $350,000 in lost wages." *Id.*, citing *Wysinger* |
| 10 | *v. Auto. Club of So. Cal.*, 157 Cal.App.4th 413 (2007) ("Under FEHA, an employee ... |
| 11 | may be compensated for a future loss of earnings.").  The Ninth Circuit held the |
| 12 | plaintiff's "prayer for past and future lost wages by itself exceed[ed] $75,000, **even** |
| 13 | **before factoring in** non-economic and punitive damages, attorneys' fees, or other |
| 14 | requested relief." *Id.* at 417 (emphasis added). |
| 15 | 34.  Here, Plaintiff's "initial annualized salary" was "$115,000 per year" as of |
| 16 | February of 2017.  (Parker Decl., ¶13 & Exhibit H (Optum Wage Notice).)  Plaintiff |
| 17 | claims he "has suffered and will continue to suffer actual, consequential, and |
| 18 | incidental financial losses, including without limitation loss of income, salary and |
| 19 | benefits, and the intangible loss of employment-related opportunities for growth in his |
| 20 | field and damage to his professional reputation, all in an amount according to proof at |
| 21 | trial." (*E.g.*, Parker Decl., Exhibit A, ¶36.)  Assuming Plaintiff were to prevail on his |
| 22 | claims, as courts must under these circumstances, and assuming Plaintiff's recovery |
| 23 | was limited to only one year of lost wages, the amount in controversy in this case |
| 24 | would be at least $115,000, well in excess of the diversity jurisdictional minimum. |
| 25 | *See, e.g., Chavez, supra*, 888 F.3d at 417. |
| 26 | 35.  With regard to the "humiliation, embarrassment, mental and emotional |
| 27 | distress and discomfort" that Plaintiff claims he has experienced and continues to |
| 28 | suffer to date (*see, e.g.,* Parker Decl. Exhibit A, ¶37), "emotional distress damages |

. . . are potentially substantial" and notable for purposes of calculating the amount in controversy upon removal, irrespective of any vagueness in their pleading. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).

36. Plaintiff's punitive damages claims under the FEHA add significant value to the potential amount in controversy. "In California, the wealth of the defendant is an important factor in determining the award of punitive damages." *Id.* at 451. As an example, Defendant UnitedHealth Group Incorporated has significant resources making it "likely that any award of punitive damages will be a substantial figure" in the event Plaintiff can meet his burden(s) of proof in the Action. *See e.g.*, *King v. U.S. Bank Nat'l Ass'n*, 52 Cal.App.5th 728 (2020) (awarding over $2 million in punitive damages in wrongful termination case against large bank).

37. Lastly, Plaintiff seeks attorney fees recoverable by a prevailing plaintiff under the FEHA. Cal. Gov't Code § 12965(b). "[A]ttorneys' fees in individual discrimination cases" like Plaintiff's here "often exceed the damages." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002). A mere three hundred hours of attorney time in this Action through trial at a modest rate of $250 per hour would cause Defendants to incur enough attorney fees to hit the amount in controversy requirement alone. Accordingly, it is more likely than not that <u>the amount in controversy in this case exceeds $75,000</u>.

## VI. THE CASE SATISFIES ALL REQUIREMENTS FOR TRADITIONAL DIVERSITY REMOVAL JURISDICTION.

38. This Notice of Removal is being filed within thirty days after service of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based on Defendant Testa, and within one year of the commencement of the Action. 28 U.S.C. §§ 1446(b)-(c). The Removal therefore is timely filed.

39. All named defendants in the Action consent to and join in the present removal. (Parker Decl., ¶12.)

40. If any question arises as to the propriety of the removal of this action,

1  Defendants request the opportunity to conduct discovery, brief any disputed issues,
2  and present oral argument in support of their position that the District Court properly
3  exercises traditional diversity jurisdiction over the Action.
4       41.   Counsel for Defendants certify that, within one business day of the
5  removal, they will file a copy of this Notice with the Clerk of the Superior Court of
6  the State of California, County of Los Angeles, simultaneously giving notice of the
7  same to Plaintiff.  (Parker Decl., ¶18.)
8       42.   Nothing in this Notice of Removal shall be interpreted as a waiver or
9  relinquishment of Defendants' right to assert defenses including, without limitation,
10 the defenses of (i) lack of jurisdiction, (ii) improper venue and/or *forum non*
11 *conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process,
12 (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure
13 to join indispensable party(ies), or (viii) any other procedural or substantive defenses
14 available under state or federal law.

### VII.     CONCLUSION

16      43.   For the reasons set forth above, the District Court may and should
17 exercise original jurisdiction over this action under 28 U.S.C. section 1332, and
18 removal of this action is proper under 28 U.S.C. sections 1441 and 1446.

Dated:    January 21, 2022          **WILSON TURNER KOSMO LLP**

                                    By:  /s/ *Aimee Axelrod Parker*
                                         MARISSA L. LYFTOGT
                                         AIMEE AXELROD PARKER
                                         MICHAELA P. DELACRUZ

                                         Attorneys for Defendants
                                         OPTUMINSIGHT, INC.; OPTUM360, LLC;
                                         OPTUM360 SERVICES, INC.;
                                         UNITEDHEALTH GROUP
                                         INCORPORATED (erroneously sued as
                                         UNITEDHEALTH GROUP) and
                                         TINA MARIE TESTA