# EXHIBIT A

{02964633; 1}

Electronically FILED by Superior Court of California, County of Los Angeles on 08/30/2021 01:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk

Case 2:22-cv-00452-JFW-KS Document 1-2 Filed 01/21/22 Page 2 of 14 Page ID #:22

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rupert Byrdsong

1 | Edwin Pairavi, Esq., (State Bar No.: 257290)
edwin@pairavilaw.com
2 | Joshua M. Mohrsaz, Esq., (State Bar No.: 307759)
joshua@pairavilaw.com
3 | PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
4 | Los Angeles, California 90067
Telephone: (310)789-2063
5 | Facsimile: (310)789-2064

6 | Attorneys for Plaintiff,
CHRISTOPHER PERKINS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| CHRISTOPHER PERKINS, an individual, | CASE NO. 21STCV32115 |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. DISABILITY DISCRIMINATION [Cal. Gov. Code § 12940, et seq.]; |
| | 2. FAILURE TO PROVIDE REASONABLE ACCOMMODATION [Cal. Gov. Code § 12940, et seq.]; |
| | 3. FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS [Cal. Gov. Code § 12940, et seq.]; |
| OPTUMINSIGHT, INC., a Delaware Corporation; OPTUM360, LLC, a Delaware Limited Liability Company; OPTUM360 SERVICES, INC., a Delaware Corporation; UNITEDHEALTH GROUP, a Minnesota Corporation; UNITEDHEALTH GROUP INCORPORATED, a Delaware Corporation; TINA MARIE TESTA, an individual; and DOES 1 to 50, inclusive, | 4. HARASSMENT / HOSTILE WORK ENVIRONMENT [Cal. Gov. Code § 12940, et seq.]; |
| | 5. RETALIATION [Cal. Gov. Code § 12940, et seq.]; |
| | 6. WRONGFUL TERMINATION [in Violation of Public Policy] |
| | [UNLIMITED JURISDICTION] [Amount in Controversy Over $25,000] |
| Defendants. | DEMAND FOR JURY TRIAL |

27 | ///

28 | ///

-1-
COMPLAINT

EXHIBIT A -007

COMES NOW PLAINTIFF, CHRISTOPHER PERKINS, who, for causes of action against Defendants, OPTUMINSIGHT, INC., a Delaware Corporation; OPTUM360, LLC, a Delaware Limited Liability Company; OPTUM360 SERVICES, INC., a Delaware Corporation; UNITEDHEALTH GROUP, a Minnesota Corporation; UNITEDHEALTH GROUP INCORPORATED, a Delaware Corporation; TINA MARIE TESTA, an individual; and DOES 1 to 50, inclusive, complains and alleges as follows:

## GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES

1. Plaintiff, CHRISTOPHER PERKINS ("Plaintiff" or "Mr. Perkins") is an individual who was employed by OPTUMINSIGHT, INC., OPTUM360, LLC, OPTUM360 SERVICES, INC., UNITEDHEALTH GROUP, and UNITEDHEALTH GROUP INCORPORATED, in Los Angeles County in the State of California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant, OPTUMINSIGHT, INC. ("Defendant" or "OPTUMINSIGHT, INC."), is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and is doing business and is qualified to do business in the State of California, with its principal place of business in West Hills, California.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant, OPTUM360, LLC., ("Defendant" or "OPTUM360"), is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and is doing business and is qualified to do business in the State of California, with its principal place of business in West Hills, California.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant, OPTUM360 SERVICES, INC., ("Defendant" or "OPTUM360 SERVICES"), is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and is doing business and is qualified to do business in the State of California, and with its principal place of business in West Hills, California.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant, UNITEDHEALTH GROUP, ("Defendant" or "UNITEDHEALTH"), is a corporation duly

1  organized and existing under and by virtue of the laws of the State of Minnesota, and is doing
2  business and is qualified to do business in the State of California, and with its principal place of
3  business in West Hills, California.
4     6.     Plaintiff is informed and believes, and based thereon alleges, that Defendant,
5  UNITEDHEALTH GROUP, ("Defendant" or "UNITEDHEALTH"), is a corporation duly
6  organized and existing under and by virtue of the laws of the State of Delaware, and is doing
7  business and is qualified to do business in the State of California, and with its principal place of
8  business in West Hills, California.
9     7.     Plaintiffs are informed and believe, and based thereon allege, that Defendant
10 TINA MARIE TESTA (hereinafter "TESTA") is an individual residing in the State of California,
11 who was Plaintiff's manager at the time of his termination.
12    8.     Plaintiff is ignorant of the true names or capacities of the Defendants sued herein
13 under the fictitious names DOES 1 to 50, inclusive; and they are therefore sued pursuant to Code
14 of Civil Procedure section 474.  When their true names and capacity are ascertained, Plaintiff
15 will amend this Complaint by inserting their true names and capacity herein.  Plaintiff is
16 informed and believes, and based thereon alleges, that Defendants DOES 1 through 50,
17 inclusive, hereinafter collectively referred to as DOES, acted wrongfully, maliciously,
18 intentionally and negligently; that each is responsible in some manner for the events and
19 happenings complained of herein; and that injuries of Plaintiff, as alleged herein, were
20 proximately caused by Defendants DOES, either through said Defendants' own conduct or
21 through the conduct of their agents and/or employees.
22    9.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant
23 times, each of the Defendants, whether named or fictitiously named as DOE (hereinafter
24 collectively referred to as  Defendants), were the merging entity, merged entity, subsidiary,
25 acquiring corporation, agent and/or employee of each of the remaining Defendants and, in doing
26 the things hereinafter alleged, was acting within the course and scope of such agency and/or
27 employment with knowledge, advice, permission and consent of each other.
28 ///

10. As used herein the term "Defendants" means all Defendants, both jointly and severally, and references by name to any named one Defendant shall include and reference all Defendants, both individual, corporate and business entities, both specifically named and unnamed, and both jointly and severally to all.

## VENUE AND JURISDICTION

11. Venue is proper in Los Angeles County because Defendant employed Plaintiff in Los Angeles County, and the acts complained of herein occurred in Los Angeles County.

## STATEMENT OF FACTS

12. This case presents the compelling story of a loyal and hard-working employee who was abruptly fired by his employer while on a protected leave of absence due to a disability.

13. Plaintiff was employed by Defendants from 2003 until August 26, 2019. At the time of his termination, Plaintiff worked as a senior developer analyst.

14. On or about January 4, 2019, Mr. Perkins communicated to his manager, Tina Testa ("Tina") that he was feeling anxiety.

15. The next day, however, Tina gave Mr. Perkins a warning rather than instructing Mr. Perkins to receive medical care.

16. On January 10, 2019, Mr. Perkins received a Corrective Action Plan regarding his attendance, and performance.

17. On January 25, 2019, Mr. Perkins sought professional help and was put on leave of absence until April 25, 2019, due to stress and anxiety. Mr. Perkins leave of absence was extended until June 25, 2019 and later until August 25, 2019a and one final time until October 25, 2019.

18. On August 26, 2019, Defendants terminated Mr. Perkins employment on the basis that that he could no longer be provided with medical leave of absence.

19. This is an action brought by Plaintiff, against Defendants, alleging, *inter alia*, disability and/or medical condition discrimination, failure to provide reasonable accommodations, failure to engage in good faith interactive process, retaliation, harassment

///

-4-
COMPLAINT

hostile work environment, under the California Fair Employment and Housing Act ("FEHA"), and wrongful termination in violation of public policy.

20. At all applicable times mentioned in this complaint, Defendant regularly employed five or more persons bringing Defendants within the provisions of the FEHA. Plaintiff has adequately exhausted all of his administrative remedies under FEHA and obtained a "right to sue" letter from the Department of Fair Employment and Housing against Defendants.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION

### [Cal. Gov. Code § 12940, et seq.]

### (Against All Defendants)

21. Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 20.

22. At all times mentioned herein, California Government Code sections 12940 et seq., the Fair Employment and Housing Act, were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons.

23. At all times mentioned in this complaint, Government Code section 12940, et seq., and the California Constitution Article 1, section 8 were in full force and effect and was binding on the Defendants. Defendants were subject to their terms, and therefore Defendants were required to refrain from violations of public policy, including but not limited to discrimination based on an actual or perceived disability, in violation of the FEHA.

24. At all times mentioned herein, Plaintiff was and is a member of a protected class, in that he suffered from an actual or perceived disability.

25. Plaintiff was treated less favorably than similarly situated co-workers with respect to the terms, conditions and privileges of his employment. Defendants' policies and procedures were also applied differently to Plaintiff compared to other persons employed by Defendants due to Plaintiff's actual or perceived disability.

///

///

26. Plaintiff's employment was terminated by Defendants due to his actual or perceived disability. Additionally, as set forth above, Plaintiff's employment was terminated in retaliation for his request for reasonable accommodations to temporarily modify job duties.

27. Defendants' discriminatory actions against Plaintiff, as alleged herein, constituted unlawful discrimination in employment on account of Plaintiff's actual or perceived disability, in violation of California Government Code sections 12940, et seq.

28. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that he has suffered and will continue to suffer actual, consequential, and incidental financial losses, including without limitation loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount according to proof at trial.

29. As a direct, foreseeable and proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all in an amount according to proof at trial.

30. Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward his were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants named herein.

31. Plaintiff is also entitled to an award of statutory attorneys' fees pursuant to California Government Code section 12965 (b).

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

**[Cal. Gov. Code § 12940 et seq.]**

**(Against All Defendants)**

32. Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 31.

///

33. While Plaintiff was employed with Defendants, Defendants were aware that Plaintiff suffered from an actual or perceived disability. Plaintiff informed Defendants that he needed reasonable accommodations in the form of leave of absence.

34. Although Defendants knew of Plaintiff's disability, Defendants refused to accommodate Plaintiff's disability upon Plaintiff's request, and instead terminated Plaintiff because of his disability which is in direct contravention of the FEHA.

35. Plaintiff alleges that he could have fully performed all duties and functions of his job in an adequate, satisfactory and/or outstanding manner, particularly if he was provided with reasonable accommodations as requested.

36. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that he has suffered and will continue to suffer actual, consequential, and incidental financial losses, including without limitation loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount according to proof at trial.

37. As a direct, foreseeable and proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all in an amount according to proof at trial.

38. Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward his were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants named herein.

39. Plaintiff is also entitled to an award of statutory attorneys' fees pursuant to California Government Code section 12965 (b).

///

///

///

///

# THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS

[Cal. Gov. Code § 12940 et seq.]

(Against All Defendants)

40. Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 39.

41. At all times herein mentioned, California Government Code sections 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

42. According to California Government Code section 12940, subdivision (n), it is an unlawful employment practice for an employer or other covered entity to fail to engage in a timely, good faith, interactive process with the employee or applicant with a known disability to determine effective reasonable accommodations.

43. While Plaintiff was employed with Defendants, Defendants were aware that Plaintiff suffered from a disability and required accommodations. In fact, Plaintiff requested reasonable accommodations by way of a requested (and approved) medical leave.

44. Plaintiff is informed, believes, and thereon alleges that Defendants did not continue to engage in any sort of interactive process, as required by California Government Code section 12940, subdivision (n), to accommodate Plaintiff's known disability, and instead terminated his employment for requesting reasonable accommodations.

45. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that he has suffered and will continue to suffer actual, consequential, and incidental financial losses, including without limitation loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount according to proof at trial.

46. As a direct, foreseeable and proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all in an amount according to proof at trial.

47. Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward his were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants named herein.

48. Plaintiff is also entitled to an award of statutory attorneys' fees pursuant to California Government Code section 12965 (b).

## FOURTH CAUSE OF ACTION

## RETALIATION

## [Cal. Gov. Code § 12940 et seq.]

## (Against All Defendants)

49. Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 48.

50. Plaintiff engaged in conduct protected by the FEHA. Plaintiff informed Defendants that he was disabled and needed reasonable accommodations in connection therewith.

51. Thereafter, rather than providing Plaintiff with reasonable accommodations, Defendants retaliated against Plaintiff. The acts of retaliation included ultimately terminating Plaintiff's employment.

52. The foregoing conduct constitutes acts of retaliation performed by Defendants in response to Plaintiff's conduct in (a) asserting the existence of his disability, and (b) requesting reasonable accommodations in connection with the same.

53. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants have engaged in other retaliatory actions against Plaintiff which are not yet fully known. At such time, as said discriminatory practices become known to his, Plaintiff will seek leave of this Court to amend this Complaint.

54. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that he has suffered and will continue to suffer actual,

consequential, and incidental financial losses, including without limitation loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount according to proof at trial.

55. As a direct, foreseeable and proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all in an amount according to proof at trial.

56. Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward his were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants named herein.

57. Plaintiff is also entitled to an award of statutory attorneys' fees pursuant to California Government Code section 12965 (b).

## FIFTH CAUSE OF ACTION

## HARASSMENT / HOSTILE WORK ENVIRONMENT

### [California Government Code §12940 et seq.]

### (Against All Defendants)

58. Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 57.

59. As described above, Plaintiff was subjected to harassment on the basis of his actual or perceived disability.

60. As a result of Defendants knowledge of the harassment, and their refusal to take remedial action, they aided and abetted Defendant Testa in her continued harassment of Plaintiff.

61. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that he has suffered and will continue to suffer actual, consequential, and incidental financial losses, including without limitation loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount according to proof at trial.

62. As a direct, foreseeable and proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all in an amount according to proof at trial.

63. Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward his were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants named herein.

64. Plaintiff is also entitled to an award of statutory attorneys' fees pursuant to California Government Code section 12965 (b).

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION

### [In Violation of Public Policy]

### (Against All Defendants)

65. Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 64.

66. At all times herein mentioned in this complaint, California Government Code section 12940, et seq., and California Constitution Article 1, section 8, were in full force and effect and were binding on the Defendants. Defendants were subject to their terms, and therefore Defendants was required to refrain from violations of public policy, including discrimination on the basis of Plaintiff's actual or perceived disability.

67. As a direct result of the discriminatory, harassing and retaliatory acts by Defendants, Plaintiff was terminated, in direct violation of public policy. Defendants knew or reasonably should have known of the intolerable discriminatory acts and conditions and of their impact on and other employees similarly situated and could have remedied the situation.

68. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that he has suffered and will continue to suffer actual, consequential, and incidental financial losses, including without limitation loss of income, salary

-11-
COMPLAINT

and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount according to proof at trial.

69. As a direct, foreseeable and proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all in an amount according to proof at trial.

70. Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward his were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants named herein.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a money judgment representing compensatory damages including lost wages, future loss wages, earnings, other employee benefits, and all other sums of money, together with interest on these amounts, according to proof at trial;

2. General damages, according to proof and in an amount in excess of the jurisdictional minimum of this Court;

3. For a money judgment for mental pain and anguish and emotional distress, according to proof at trial;

4. All other special and incidental damages according to proof;

5. For an award of punitive damages, according to proof at trial;

6. For costs of suit incurred herein;

7. For attorney fees as provided by statute, including California Government Code section 12965 (b); and

8. For such other and further relief that the Court may deem just and proper.

///

///

///

-12-
COMPLAINT

DATED: August 30, 2021

Respectfully Submitted,
PAIRAVI LAW, P.C.

BY: Edwin Pairavi, Esq.
Joshua M. Mohrsaz, Esq.
Attorneys for Plaintiff
CHRISTOPHER PERKINS

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by section 631 of the California Code of Civil Procedure.

DATED: August 30, 2021

Respectfully Submitted,
PAIRAVI LAW, P.C.

BY: Edwin Pairavi, Esq.
Joshua M. Mohrsaz, Esq.
Attorneys for Plaintiff
CHRISTOPHER PERKINS