# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 10/29/2021 12:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1  WILSON TURNER KOSMO LLP
   MARISSA L. LYFTOGT (259559)
2  AIMEE AXELROD PARKER (255589)
   JORDAN R. TURNER (318759)
3  402 West Broadway, Suite 1600
   San Diego, California 92101
4  Telephone: (619) 236-9600
   Facsimile: (619) 236-9669
5  E-mail: mlyftogt@wilsonturnerkosmo.com
   E-mail: aparker@wilsonturnerkosmo.com
6  E-mail: jturner@wilsonturnerkosmo.com

7  Attorneys for Defendants
   OPTUMINSIGHT, INC., OPTUM360, LLC,
8  OPTUM360 SERVICES, INC. and
   UNITEDHEALTH GROUP INCORPORATED
9  (erroneously sued as UNITEDHEALTH GROUP)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CHRISTOPHER PERKINS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>OPTUMINSIGHT, INC., a Delaware Corporation; OPTUM360, LLC, a Delaware Limited Liability Company; OPTUM360 SERVICES, INC., a Delaware Corporation; UNITEDHEALTH GROUP, a Minnesota Corporation; UNITEDHEALTH GROUP INCORPORATED, a Delaware Corporation; TINA MARIE TESTA, an individual; and DOES 1 to 50, inclusive,<br><br>    Defendants. | Case No.   21STCV32115<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS OPTUMINSIGHT, INC., OPTUM360, LLC, OPTUM360 SERVICES, INC. and UNITEDHEALTH GROUP INCORPORATED**<br><br>Judge:     Hon. Rupert Byrdsong<br>Dept.:     28<br><br>Trial Date:  Not Set<br>Complaint Filed:  August 30, 2021 |

Defendants OPTUMINSIGHT, INC., OPTUM360, LLC, OPTUM360 SERVICES, INC. and UNITEDHEALTH GROUP INCORPORATED *erroneously sued as UnitedHealth Group* (together "Defendants") hereby respond to Plaintiff Christopher Perkins' ("Plaintiff") unverified Complaint ("Complaint") as follows:

///

///

1
ANSWER TO COMPLAINT

EXHIBIT C 025

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30, Defendants generally deny each and every allegation of the Complaint and every purported cause of action alleged therein. Defendants further deny that Plaintiff has suffered damages in any sum, and deny Plaintiff is entitled to the relief claimed or any relief, on the grounds alleged or otherwise, from them or any of them.

Defendants further answer the Complaint, and each and every purported cause of action contained therein, by denying that Plaintiff has sustained, or will sustain, any damage in any sum at all by reason of the violation of any statute, regulation, or law, or carelessness or other fault, act, or omission on the part of the answering Defendants, their agents, servants, or employees, or any of them.

**AFFIRMATIVE DEFENSES**

Without altering any allocation of Plaintiff's burden of proving her claims, Defendants assert the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Arbitration Agreement)**

The entirety of Plaintiff's civil action is barred by a valid, enforceable agreement to arbitrate all disputes related to Plaintiff's employment at issue in the Complaint.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to a State Cause of Action)**

Plaintiff's Complaint, and each and every count or cause of action therein, fails to state facts sufficient to constitute any claim or cause of action against Defendants, or any of them.

**THIRD AFFIRMATIVE DEFENSE**

**(Misjoinder)**

Defendants OptumInsight, Inc., Optum360, LLC, and UnitedHealth Group Incorporated assert that Plaintiff's Complaint, and each cause of action therein, is barred against them, and each of them, because none served as Plaintiff's employer or joint employer, or the managing agent of Plaintiff's employer. No basis to impute liability against them exists, and they are misjoined in this action accordingly.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's causes of action may be barred by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340, and 343 and California Government Code sections 12900, *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims may be barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust External Administrative Remedies)

Plaintiff's claims are barred to the extent he failed to timely, adequately, and/or sufficiently exhaust administrative remedies with the appropriate public or governmental agencies, or as required by applicable law including, but not limited to, those prescribed by Government Code §§ 12900, *et seq.*

## SEVENTH AFFIRMATIVE DEFENSE

### (Obligations Discharged)

Defendants have performed and fully discharged all obligations and legal duties to Plaintiff pertinent to the matters alleged in the Complaint, to the extent Defendants owed any such duties.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification, Privilege, Managerial Discretion)

Plaintiff's Complaint, and each and every count or cause of action therein, fails because Defendants' alleged conduct was justified, privileged, and/or reflected the exercise of proper managerial discretion based on legitimate reasons.

## NINTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

Defendant Optum360 Services, Inc. alleges that Plaintiff's employment was at will and could be terminated at any time, with or without cause.

/ / /

/ / /

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's Complaint, and each cause of action therein, is barred because or omissions by them, or any of them, affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-discriminatory and non-retaliatory reasons and/or business necessity.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Ratification)

Defendants deny that they authorized, ratified, acquiesced in, had knowledge of, had reason to know of, approved of, or directed action by any person or entities, constituting unlawful conduct towards Plaintiff, whether as alleged or otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

### (Same Decision)

To the extent that Defendants, or any of them, undertook adverse action against Plaintiff, motivated by both discriminatory and nondiscriminatory reasons and/or both retaliatory and non-retaliatory reasons, the nondiscriminatory and/or non-retaliatory reasons alone would have induced the same decision.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (FEHA Claims May Not Exceed Allegations of Administrative Charge)

Plaintiff's first through sixth causes of action under the California Fair Employment and Housing Act (FEHA) may not be maintained to the extent they exceed or differ from the allegations of the administrative charge(s) filed with the appropriate administrative agency.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

Defendants exercised reasonable care to prevent and correct promptly any unlawful or wrongful conduct in the workplace. Defendants are informed and believe, and on that basis allege, that Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities to avoid

///

EXHIBIT C 028

harm otherwise. By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovery in this action.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Preemption)

To the extent that Plaintiff's Complaint, or any purported claim or cause of action alleged therein, alleges emotional or physical injury including for negligence, any recovery is preempted by the California Workers' Compensation Act.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Not a Qualified Individual)

On information and belief, Plaintiff's Complaint and all causes of action therein are barred because Plaintiff was unable to perform the essential functions of his position with or without an accommodation and accordingly was not a qualified individual under the FEHA.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Provide Adequate Information)

Plaintiff's second and third causes of action lack merit because any breakdown in the interactive process was attributable to Plaintiff's failure to provide her employer with notice of her alleged disability or need for an accommodation.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unreasonable Accommodation Requested)

Plaintiff's disability discrimination, failure to accommodate, and failure to engage in the interactive process claims fail to the extent Plaintiff sought an accommodation that was unreasonable.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Undue Hardship)

Plaintiff's disability discrimination, failure to accommodate, and failure to engage in the interactive process claims fail to the extent Plaintiff sought an accommodation that would have constituted an undue hardship.

///

///

### TWENTIETH AFFIRMATIVE DEFENSE
### (Safety Concerns)

Plaintiff's disability discrimination, failure to accommodate, and failure to engage in the interactive process claims fail to the extent Plaintiff was unable to perform the essential functions of his position without endangering the health and safety of himself or others.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

If Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own failure to mitigate against Plaintiff's alleged damages. Plaintiff's claims must be reduced, diminished or defeated by such amounts as should have been so mitigated.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Alternate Stressors)

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing condition or alternative concurrent cause, and not the result of any act or omission of Defendants, or any of them.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Comparative Fault)

The damages allegedly suffered by Plaintiff, if any, are the direct and proximate result of the acts or omissions of parties other than Defendants, or any of them, and the liability of Defendants, if any, is limited in direct proportion to the percentage of fault actually attributed to each Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unwarranted)

Plaintiff is not entitled to recover punitive damages or exemplary damages because none of Defendants' officers, directors or managing agents committed the alleged oppressive, fraudulent or malicious acts, or authorized or ratified the alleged acts, or had advance knowledge of the unfitness of the employee(s) who allegedly committed the acts complained of by Plaintiff.

///

///

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

Imposition of punitive damages as to any of Plaintiff's first through eighth causes of action would violate Defendants' due process and equal protection rights under the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Insufficient Allegations of Punitive Damages Against Corporation)

Plaintiff's allegations are insufficient to sustain the imposition of punitive damages against the corporate Defendant(s).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith Implementation of Policies Precluding Punitive Damages)

Punitive damages are not available to Plaintiff because Defendants implemented anti-discrimination, anti-harassment, and anti-retaliation policies in good faith.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

On information and belief, Plaintiff's claims of wrongful discharge may be barred in whole or in part by the doctrine of after-acquired evidence.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Unclean Hands)

Plaintiff's causes of action and Complaint are barred to the extent Plaintiff has waived them by his actions, is estopped from advancing them, has consented to any of the matters alleged in the Complaint, and/or has unclean hands.

Defendants currently have insufficient information available upon which to form a belief as to whether they have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that this Court enters a judgment as follows:

1. That Plaintiff take nothing by way this Complaint or any cause of action stated therein;

2. That the Complaint, and each cause of action contained therein, be dismissed against Defendants with prejudice;

3. That judgment be entered in favor of Defendants;

4. That Defendants recover their costs, disbursements, expenses, and attorneys' fees herein; and

5. That the Court grant such other or further relief as may deem just and proper.

Dated: October 29, 2021

**WILSON TURNER KOSMO LLP**

By: /s/ *(signature)*
MARISSA L. LYFTOGT
AIMEE AXELROD PARKER
JORDAN R. TURNER
Attorneys for Defendants OPTUMINSIGHT, INC., OPTUM360, LLC, OPTUM360 SERVICES, INC. and UNITEDHEALTH GROUP INCORPORATED *erroneously sued as UnitedHealth Group*

Electronically FILED by Superior Court of California, County of Los Angeles on 10/29/2021 12:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

```
 1  WILSON TURNER KOSMO LLP
    MARISSA L. LYFTOGT (259559)
 2  AIMEE AXELROD PARKER (255589)
    JORDAN R. TURNER (318759)
 3  402 West Broadway, Suite 1600
    San Diego, California 92101
 4  Telephone: (619) 236-9600
    Facsimile: (619) 236-9669
 5  E-mail:  mlyftogt@wilsonturnerkosmo.com
    E-mail:  aparker@wilsonturnerkosmo.com
 6  E-mail:  jturner@wilsonturnerkosmo.com

 7  Attorneys for Defendants
    OPTUMINSIGHT, INC., OPTUM360, LLC,
 8  OPTUM360 SERVICES, INC. and
    UNITEDHEALTH GROUP INCORPORATED
 9  (erroneously sued as UNITEDHEALTH GROUP)
```

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| CHRISTOPHER PERKINS, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>OPTUMINSIGHT, INC., a Delaware Corporation; OPTUM360, LLC, a Delaware Limited Liability Company; OPTUM360 SERVICES, INC., a Delaware Corporation; UNITEDHEALTH GROUP, a Minnesota Corporation; UNITEDHEALTH GROUP INCORPORATED, a Delaware Corporation; TINA MARIE TESTA, an individual; and DOES 1 to 50, inclusive,<br><br>             Defendants. | Case No.   21STCV32115<br><br>**PROOF OF SERVICE**<br><br>Date:<br>Time:<br><br>Judge:       Hon. Rupert Byrdsong<br>Dept.:        28<br><br>Trial Date:  Not Set<br>Complaint Filed:  August 30, 2021 |

I, the undersigned, declare as follows:

I am employed with the law firm of Wilson Turner Kosmo LLP, whose address is 402 West Broadway, Suite 1600, San Diego, California 92101.  I am over the age of eighteen and I am not a party to this action.

On October 29, 2021, I served the following documents:

---

1

PROOF OF SERVICE

EXHIBIT C 033

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS OPTUMINSIGHT, INC., OPTUM360, LLC, OPTUM360 SERVICES, INC. and UNITEDHEALTH GROUP INCORPORATED**

The documents were served on the following and in the following manner:

Edwin Pairavi, Esq.
Joshua M. Mohrsaz, Esq.
Pairavi Law, P.C.
1875 Century Park East, Suite 480
Los Angeles, California 90067
Tel: (310)789-2063
Fax: (310)789-2064
E: edwin@pairavilaw.com
E: joshua@pairavilaw.com
E: staff@pairavilaw.com

**Counsel for Plaintiff CHRISTOPHER PERKINS**

☐ (By **MAIL SERVICE**) I placed such envelope for collection, deposit and mailing with the United States Postal Service following ordinary business practices at my place of business. I am readily familiar with the business practice of my place of business for collection and processing of correspondence for mailing with the United States Postal Service.

☐ (By **E-MAIL OR ELECTRONIC TRANSMISSION**) I caused the above listed documents to be served upon the persons listed above via e-mail or electronic transmission to their respective e-mail addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (By **ELECTRONIC SERVICE**) Based upon California Rule of Court 2.251(C), I caused the above documents to be served through One Legal (www.onelegal.com) on all parties as maintained on the electronic service list for the above captioned case. A copy of the Filing Receipt will be maintained with the original document(s).

☐ (By **OVERNIGHT CARRIER – NEXT DAY DELIVERY**) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed it to the person listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 29, 2021 at San Diego, California.

_____
Jennifer Lindley