# EXHIBIT F

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2022 03:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Sanchez,Deputy Clerk

1 | WILSON TURNER KOSMO LLP
MARISSA L. LYFTOGT (259559)
2 | AIMEE AXELROD PARKER (255589)
MICHAELA P. DELACRUZ (292724)
3 | 402 West Broadway, Suite 1600
San Diego, California 92101
4 | Telephone: (619) 236-9600
Facsimile: (619) 236-9669
5 | E-mail:  mlyftogt@wilsonturnerkosmo.com
E-mail:  aparker@wilsonturnerkosmo.com
6 | E-mail:  mdelacruz@wilsonturnerkosmo.com

7 | Attorneys for Defendants
OPTUMINSIGHT, INC., OPTUM360, LLC,
8 | OPTUM360 SERVICES, INC.,
UNITEDHEALTH GROUP INCORPORATED
9 | (erroneously sued as UNITEDHEALTH GROUP)
and TINA MARIE TESTA

10 |

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **COUNTY OF LOS ANGELES**

13 |

14 | CHRISTOPHER PERKINS, an individual,

15 |             Plaintiff,

16 |       v.

17 | OPTUMINSIGHT, INC., a Delaware
Corporation; OPTUM360, LLC, a Delaware
18 | Limited Liability Company; OPTUM360
SERVICES, INC., a Delaware Corporation;
19 | UNITEDHEALTH GROUP, a Minnesota
Corporation; UNITEDHEALTH GROUP
20 | INCORPORATED, a Delaware Corporation;
TINA MARIE TESTA, an individual; and
21 | DOES 1 to 50, inclusive,

22 |          Defendants.

Case No.  21STCV32115

**DEFENDANT TINA TESTA'S ANSWER
TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| Judge: | Hon. Rupert Byrdsong |
| Dept.: | 28 |
| | |
| Trial Date: | Not Set |
| Complaint Filed: | August 30, 2021 |

23 |

24 |      Defendant TINA TESTA ("Defendant") hereby responds to Plaintiff CHRISTOPHER

25 | PERKINS' ("Plaintiff") Complaint as follows:

26 | **<u>GENERAL DENIAL</u>**

27 |      Pursuant to California Code of Civil Procedure section 431.30, Defendant generally denies

28 | each and every allegation of the Complaint and every purported cause of action alleged therein.

EXHIBIT F 041

Defendant further denies that Plaintiff has suffered damages in any sum, and denies Plaintiff is entitled to the relief claimed, or any relief on the grounds alleged or otherwise.

Defendant further answers the Complaint and each and every purported cause of action contained therein by denying that Plaintiff has sustained, or will sustain, any damage in any sum at all by reason of the violation of any statute, regulation, or law, or carelessness or other fault, act, or omission on the part of the answering Defendant.

**AFFIRMATIVE DEFENSES**

The defenses asserted below are based on Defendant's knowledge, information, and belief at this time.  Defendant reserves the right to modify, amend, and/or supplement any defense.  Without conceding that Defendant bears the burden of proof or persuasion as to any one of them, Defendant alleges the following affirmative defenses to Plaintiff's Complaint and prays for judgment as set forth below:

**FIRST AFFIRMATIVE DEFENSE**

**(Misjoinder)**

Plaintiff's Complaint is barred as to this answering Defendant because each of Plaintiff's causes of action can be asserted only against an employer, which Defendant never was, and Defendant is accordingly misjoined.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State Causes of Action)**

Plaintiff's Complaint, and each and every count or cause of action therein, fails to state facts sufficient to constitute any claim or cause of action against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's causes of action may be barred by the applicable statutes of limitations, including, without limitation, California Government Code sections 335.1, 337, 338, 339, 340, and 343 and California Government Code sections 12960 and 12965.

///

///

2

1

### FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

The Complaint and each of its causes of action are barred because any acts by Defendant affecting the terms and/or conditions of Plaintiff's employment with Optum360 Services, Inc. were done in good faith and motivated by legitimate, non-discriminatory, and non-retaliatory reasons and/or as a result of business necessity.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims may be barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Consent, Unclean Hands)

Plaintiff's causes of action are barred to the extent Plaintiff has waived them by his actions, is estopped from advancing them, has consented to any of the matters alleged in the Complaint, and/or has unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

The Complaint and each of its causes of action are barred because Plaintiff is equally responsible for the alleged violations Plaintiff now seeks to redress.

### EIGHTH AFFIRMATIVE DEFENSE

### (Justification, Privilege, Managerial Discretion)

Plaintiff's Complaint, and each and every count or cause of action therein, fails because Defendant's alleged conduct was justified, privileged, and/or reflected the exercise of proper managerial discretion based on legitimate reasons.

### NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

The damages allegedly suffered by Plaintiff, if any, are the direct and proximate result of the acts or omissions of parties other than Defendant, and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to Defendant.

DEFENDANT TINA TESTA'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT F 043

**TENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Preemption)**

To the extent that Plaintiff's Complaint, or any purported claim or cause of action alleged therein, alleges emotional or physical injury including for negligence, any recovery is preempted by the California Workers' Compensation Act.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

If Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own failure to mitigate against Plaintiff's alleged damages.  Plaintiff's claims must be reduced, diminished, or defeated by such amounts as should have been so mitigated.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Alternate Stressors)**

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing condition or alternative concurrent cause, and not the result of any act of or omission by Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust External Administrative Remedies)**

Plaintiff's claims are barred to the extent Plaintiff failed to timely, adequately, and/or sufficiently exhaust administrative remedies with the appropriate public or governmental agencies, or as required by applicable law including, but not limited to, those prescribed by Government Code sections 12900, *et seq.*

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's FEHA Causes of Action Fail to State Claims Against Testa)**

Plaintiff's first, second, third, and fifth causes of action under the California Fair Employment and Housing Act (FEHA) may not be maintained against Defendant as a supervisor cannot be personally liable for these claims under the FEHA.  *See Reno v. Baird* (1998) 18 Cal.4th 640, 645, 663; *Jones v. Lodge at Torrey Pines P'ship* (2008) 42 Cal.4th 1158, 1167-1168, 1173; *see also* ///

DEFENDANT TINA TESTA'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT F 044

1 | *Trujillo v. N. Cty. Transit Dist.* (1998) 63 Cal.App.4th 280, 284, 289 (1998); *Thompson v. City of*
2 | *Monrovia* (2010) 186 Cal.App.4th 860, 880.

3 | ### FIFTEENTH AFFIRMATIVE DEFENSE

4 | ### (Plaintiff's Wrongful Termination Cause of Action Fails to State a Claim Against Testa)

5 | Plaintiff's sixth cause of action for wrongful termination in violation of public policy fails as
6 | a matter of law because supervisors and coworkers cannot be personally liable for such claims: "As a
7 | matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public
8 | policy." *Khajavi v. Feather River Anesthesia Med. Group* (2000) 84 Cal.App.4th 32, 53*; Miklosy v.*
9 | *Regents of Univ. of Calif.* (2008) 44 Cal.4th 876, 901.

10 | ### SIXTEENTH AFFIRMATIVE DEFENSE

11 | ### (FEHA Claims May Not Exceed Allegations of Administrative Charge)

12 | Plaintiff's first through sixth causes of action under the California Fair Employment and
13 | Housing Act (FEHA) may not be maintained to the extent they exceed or differ from the allegations
14 | of the administrative charge(s) filed with the appropriate administrative agency.

15 | Defendant currently has insufficient information available upon which to form a belief as to
16 | whether Defendant has additional, as yet unstated, affirmative defenses available.  Defendant
17 | reserves the right to assert additional affirmative defenses in the event discovery indicates they
18 | would be appropriate.

19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

DEFENDANT TINA TESTA'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT F 045

EXHIBIT F 046

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that this Court enters a judgment as follows:

1.     That Plaintiff take nothing by way of this Complaint or any cause of action stated therein;

2.     That the Complaint, and each cause of action contained therein, be dismissed against Defendant with prejudice;

3.     That judgment be entered in favor of Defendant;

4.     That Defendant recovers costs, disbursements, expenses, and attorneys' fees herein and

5.     That the Court grant such other or further relief as it may deem just and proper.

Dated:     January 13, 2022              **WILSON TURNER KOSMO LLP**

By:  _____

MARISSA L. LYFTOGT
AIMEE AXELROD PARKER
MICHAELA P. DELACRUZ
Attorneys for Defendants
OPTUMINSIGHT, INC.; OPTUM360, LLC;
OPTUM360 SERVICES, INC.;
UNITEDHEALTH GROUP INCORPORATED
(erroneously sued as UNITEDHEALTH GROUP)
and TINA MARIE TESTA

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2022 03:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Sanchez,Deputy Clerk

Case 2:22-cv-00452-JFW-KS   Document 1-7   Filed 01/21/22   Page 8 of 9   Page ID #:67

1  WILSON TURNER KOSMO LLP
   MARISSA L. LYFTOGT (259559)
2  AIMEE AXELROD PARKER (255589)
   MICHAELA P. DELACRUZ (292724)
3  402 West Broadway, Suite 1600
   San Diego, California 92101
4  Telephone: (619) 236-9600
   Facsimile: (619) 236-9669
5  E-mail:  mlyftogt@wilsonturnerkosmo.com
   E-mail:  aparker@wilsonturnerkosmo.com
6  E-mail:  mdelacruz@wilsonturnerkosmo.com

7  Attorneys for Defendants
   OPTUMINSIGHT, INC., OPTUM360, LLC,
8  OPTUM360 SERVICES, INC.,
   UNITEDHEALTH GROUP INCORPORATED
9  (erroneously sued as UNITEDHEALTH GROUP)
   and TINA MARIE TESTA

10

              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **COUNTY OF LOS ANGELES**

12

13  CHRISTOPHER PERKINS, an individual,      Case No.   21STCV32115

14              Plaintiff,

15        v.                                  **PROOF OF SERVICE**

16  OPTUMINSIGHT, INC., a Delaware
17  Corporation; OPTUM360, LLC, a Delaware    Date:
    Limited Liability Company; OPTUM360       Time:
18  SERVICES, INC., a Delaware Corporation;
    UNITEDHEALTH GROUP, a Minnesota           Judge:    Hon. Rupert Byrdsong
19  Corporation; UNITEDHEALTH GROUP           Dept.:    28
    INCORPORATED, a Delaware Corporation;
20  TINA MARIE TESTA, an individual; and      Trial Date:  Not Set
    DOES 1 to 50, inclusive,                  Complaint Filed:  August 30, 2021
21
              Defendants.
22

23        I, the undersigned, declare as follows:

24        I am employed with the law firm of Wilson Turner Kosmo LLP, whose address is 402 West

25  Broadway, Suite 1600, San Diego, California 92101.  I am over the age of eighteen and I am not a

26  party to this action.

27        On January 13, 2022, I served the following documents:

28        **DEFENDANT TINA TESTA'S ANSWER TO PLAINTIFF'S COMPLAINT**

                                       1
                                 PROOF OF SERVICE

                                                        EXHIBIT F 047

The documents were served on the following and in the following manner:

> Edwin Pairavi, Esq.
> Joshua M. Mohrsaz, Esq.
> Pairavi Law, P.C.
> 1875 Century Park East, Suite 480
> Los Angeles, California 90067
> Tel: (310)789-2063
> Fax: (310)789-2064
> E: edwin@pairavilaw.com
> E: joshua@pairavilaw.com
> E: staff@pairavilaw.com
>
> ***Counsel for Plaintiff CHRISTOPHER PERKINS***

☐ (By **MAIL SERVICE**) I placed such envelope for collection, deposit and mailing with the United States Postal Service following ordinary business practices at my place of business. I am readily familiar with the business practice of my place of business for collection and processing of correspondence for mailing with the United States Postal Service.

☐ (By **E-MAIL OR ELECTRONIC TRANSMISSION**) I caused the above listed documents to be served upon the persons listed above via e-mail or electronic transmission to their respective e-mail addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (By **ELECTRONIC SERVICE**) Based upon California Rule of Court 2.251(C), I caused the above documents to be served through One Legal (www.onelegal.com) on all parties as maintained on the electronic service list for the above captioned case. A copy of the Filing Receipt will be maintained with the original document(s).

☐ (By **OVERNIGHT CARRIER – NEXT DAY DELIVERY**) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed it to the person listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 13, 2022 at San Diego, California.

Jennifer Lindley

---

2
PROOF OF SERVICE

EXHIBIT F 048